May it please the Court, Matthew Silvera for the petitioner, Eric Hernandez. I'd like to reserve three minutes for rebuttal. This case presents a single question. Whether the government has established that Mr. Hernandez was convicted of an aggravated felony, specifically sexual abuse of a minor, and therefore is removable, the government has not met its burden. Under the modified categorical approach, the Court must determine which of Alaska statute 11.41.436's alternative elements form the basis of the conviction. Counsel, there is argument in the briefing as between subsections 2 and 4. That's correct. And the operative difference between them is that in one of the two subsections, the person must be under the age of 13, and in the other it's a different older age, correct? I would say that that is the primary operative difference. An operative difference? Oh, yes. I would say that is an operative difference. But obviously a child that is under 13 could also be a child that is under 16. Right. But the opposite is not true. That's correct. Okay. The opposite is not true. And so the information amending the indictment to which is the subject of the conviction specifies that E.F. giving a date of birth was under the age of 13 and, in fact, was under the age of 5. So why is there any even arguable ambiguity about the operative portion in terms of age, at least? I understand you have other arguments about encourages being under the age of 13. It says under the age of 13. Sure. And I believe you have to keep reading the information, though, which says encouraged and I have the exact language here. Right. No, you have two, at least two arguments, as I understand it. One has to do with, well, you can't really tell that it's under subsection 2 because they might be under 16 also. But then you have the argument about encouragement. And I'm focusing only right now on the age question. Right. Okay. Well, and I'm saying the age is obviously a difference, but when you read the information, it goes on to say a person under 13 years of age, which I agree with, to engage in sexual contact, period. And sexual ‑‑ if you read A2, subsection A2 of the statute, it requires sexual contact with another person. That is not charged here. All that is charged is sexual contact. Now, if you look at the way that the A4 defines the various acts that fall within, one of them includes masturbation, which obviously does not require sexual contact with another person. And so there is another operative difference here. And I would say that although the child could be under the age of 13 for both A2 and A4, only under A4 could the sexual contact be with the victim itself and not with another person. So I think there is a real ambiguity here between whether A2 or A4 is charged. If you go to the definition of sexual contact. Yes. It refers to the defendants knowing, touching directly, et cetera, or knowingly causing the victim to touch directly or through clothing the defendants or victims genitals, anus, or female breasts. Correct. So in the information they left off the words another person. But doesn't the definition of sexual contact necessarily incorporate the defendant? No, because it says sexual contact means the defendant is knowingly causing the victim to touch directly or through the clothing defendants or victims' genitals. So under sexual contact, it could be contact solely by the victim, which was encouraged by the defendant. But that does not mean that it has to be contact between the defendant and the victim. So when you read A2, I think you have to read that they are requiring with another person. And so that would presumably be with the defendant. But sexual contact, as defined under 11.81.900, does not require contact with the defendant. It could be touching by the victim. Well, I guess that gets to your other argument, though. But doesn't that — and it's pretty — we have a case that says, I forget which — Cabrera, is it? Cabrera-Perez. Cabrera-Perez, which talks about we can look at the allegations charged in the operative complaint. And there I think we — the panel used the words it tracks word for word, I think, is something like that. Word for word. Okay? And I would say that we don't — But that didn't — to me, when I read that, it didn't seem to set a standard. But it does suggest — it gets pretty close, doesn't it? It gets pretty close. But I think with another person is an operative difference, because what A2 rules out is sexual contact by the victim alone. It does require with another person. And so that other person, under the definition of sexual conduct, would have to be with the defendant, and that's left off of the charging information. So I think it may be the case that something wouldn't have to track word for word, but it would have to track at least the operative elements. And here it doesn't track the operative elements because it leaves off with another person. But — Section A4, you can be guilty of, although the sexual contact is not with another person? A4, yes. It could also be without another person, because masturbation is included as one of the subsections of — it's AS 11.4155A, and then subsections 2 through 6. I think part of my concern with your argument is that you seem to be arguing that unless there is 100 percent certainty that A2 is the subsection, then you win. But isn't the standard clear and convincing evidence, that is, that it is highly probable that A2 is the operative paragraph? Clear and equivocal and convincing. Right. And I think there's clearly — it's equivocal as to what the subsection is. But I will say — Well, is it higher than a reasonable certainty or highly probable? Is it beyond a reasonable doubt? Well, beyond a reasonable doubt isn't the standard obvious. Okay. So it's something less than that. So — It is something less than that. And I think that it is not clear and convincing that A2 is the statute. But so as not to use all my time on, you know, whether it is A2 or A4 that is charged and whether we can even apply the modified categorical approach, I would say that under either A2 or A4, we still don't have a statute that falls within the generic Federal crime. So my argument is not dependent on there being ambiguity between A2 and A4 here. It may not be dependent, but your argument, as I understand it, is it is not clear, unequivocal, and convincing evidence. And there's another case that says inferences are not permitted. One — A2 requires contact with another person. A4 does not. The indictment only says sexual conduct, which meets A4 but doesn't meet A2. That is my argument, yes. Well, I have another question about that, because the amended indictment, or whatever they're calling it here, I guess, the information amending the indictment, they sort of covered all the bases there, uses the phrase sexual contact, which is not a phrase found in A4 at all. So doesn't that additionally point to A2, which is the only one of those two that uses the phrase sexual contact? It's another piece of evidence. I don't think it's enough when you look at how similar sexual contact is to those offenses that are defined, or those activities that are defined in AS 11.41.455. Once again, you have touching between people. You have the victim touching oneself as in masturbation. So there is a lot of real overlap there. And, you know, what we're left with is a record where the government has the burden of proof. And, you know, even if we're looking at clear and convincing standard, I just don't think they've met that because of the fact that it just says sexual contact, and there's enough ambiguity between sexual conduct and those activities listed in 11.41.455. So I do think there's ambiguity. I absolutely am asserting that argument. But to move on to whether A2 itself falls within the generic Federal crime, I think that this Court's precedents show that it does not. And that's for two reasons that it's broader, is because, first, every one of the statutes that this Court's precedents have held fall within the generic Federal crime do include some sort of physical touching as an element of the crime. And here, when you're looking at an encouragement offense, encouragement does not require any actual contact. And that's actually true under A2 or A4, because both of them are actually criminalizing the encouragement alone. So that's reason one. Reason two is that since Baza Martinez, this Court has emphasized that it is the use of children for the gratification of sexual desires that is abusive. And sexual contact, as defined in subsection A2, does not require any sexual intent. In fact, the Alaska legislature removed an intent to obtain a sexual gratification requirement. That was removed from the definition of sexual contact. Haven't we held that conduct that might otherwise not be abusive as applied to older minors is per se abusive when it involves children under the age of 13? Or 14, actually? Yes. The Court has said that. But it did not, in any of those cases, find that you didn't have to have sexual intent or touching. All of those cases, you look through every single one, and all of them do involve touching. You know, Baron Medina is a great example, because that's where this all started. And that was touching of a child with sexual intent is per se abusive. And that's where this all originated. And if you walk through the rest of the cases, they all continue to have those two elements of touching and sexual intent. And neither of those are required under the Alaska statute, which is incredibly broad to essentially say that encouraging sexual contact where sexual contact is defined as knowingly causing the victim to touch directly or through clothing specific body parts in a way that is not normal. And normal has its own set of problems, obviously, in terms of what is normal or not. But what it does not require is sexual intent. So because in those two material ways, the Alaska Statute... I wanted to save three minutes. Yes. Okay. I'll save the rest of my time, then. Thank you. May it please the Court. My name is Andrew O'Malley. I represent the Attorney General of the United States. This Court should dismiss the petition for review because Mr. Hernandez is removable as a criminal alien convicted of an aggravated felony due to his 2005 conviction for sexual abuse of a minor. Counsel, as far as the standard of what your burden is, it's clear, unequivocal, and convincing evidence. Clear and convincing evidence, Senator. You're right. And as Cisneros-Perez states, inferences, however, are insufficient under the modified categorical approach. So that's also true. And as Cisneros-Perez also states, they must necessarily show. When you plead, it says, plead no contest to the allegations. It must necessarily show what you're pleading to. So it's necessarily, without inferences, and unequivocally. Do you believe you met that standard here? Yes, Your Honor, we do. Specifically because — How do you explain the omission of the phrase, which is hardly insignificant, that they engage in sexual contact with another person? I don't think it's necessary to include that to get to what subdivision this individual was convicted under. Because we have the specific age difference, the State could have charged him with being an individual over the age of 22, having sexual contact or encouraging sexual contact with an individual at the age of 4, but didn't do so, or an individual who was — I know they could have charged other things. I'm asking why this charge is 2 when 2 requires sexual conduct with another person, and this charge does not. There is no other subdivision under which this could fall. It's because of the age differences, because of the encouraged language, and because of the specific requirement for sexual contact, which is a term of art in Alaska law, and is not included in A4. A4 does not have the specific age difference. There is no other provision under which this can fall. And that is clear and convincing evidence that this individual was convicted under subsection 8. He couldn't have been guilty under A4? I don't know if he could have been guilty under A4, Your Honor. Well, why not? Because I don't know the underlying conduct of what that is. Pardon me? Because I don't have the underlying conduct, I can't consider that. All I can consider is what is charged. So you can't say unequivocally that it couldn't have been Section 4? Well, based on the language of what he was charged, of his actual conviction, there is no other subsection under which this individual could have been convicted because of the age differences, because of the sexual contact. With the age difference, you mean that if the person had been over 13, he wouldn't have been guilty under Section 4? Under 4? Well, the Section 4 relates to an individual who is under the age of 16, and that's not what's charged. Yes, and that's also somebody under the age of 13. That's true. And again, the State could have charged under the age of 16. There's really no reason for them to charge under the age of 13. Well, there's no reason also to leave out key language in the statute. But if we're talking about an individual who is 4 years old, which is what the victim is here, then whether they say under the age of 13. Where does it say 4 years old? Or under the age of the statute. Pardon me, Your Honor? In what record do we say 4 years old? On the information amending the indictment. It shows the, I believe it shows the age of the victim. It's also in the board's decision. Isn't the real issue that it uses sexual contact, which is not found in Section A-4? A-4 describes under 16, but the conduct that is to be encouraged is unlawful exploitation under Section 455 and not sexual contact. That's correct, Your Honor. We have the sexual contact versus sexual conduct language. We have the age differential. And we have the matchup of the word encouraged. It is A-2. And we believe that it's clear and convincing evidence that it's subsection A-2. And you believe that that does not require any inferences? Nor what? I'm sorry. No inferences, nor is it unequivocal? We do, Your Honor. It's clearly A-2. It would require an inference to get to another section. It would require great inferences to get to A-4. Now, it's important to note that subsection A-2 categorically constitutes sexual abuse of a minor under this Court's definition, and that Petitioner's articulation of that definition is deeply, deeply flawed. For nonstatutory rape crimes, this Court defines sexual abuse of a minor as sexual conduct with a minor that constitutes abuse. And it employs the common, ordinary meanings of the terms sexual conduct and with a minor. And we know that conduct with children who are under the age of 14 is per se abusive. This standard does not require touching or the intent to obtain sexual gratification. These things have been determined to be sufficient to meet the standard by this Court, but not necessary. For example, a lot of this Court's case law comes out of California Penal Code Section 288A, which itself requires the intent to obtain sexual gratification. This Court has found that, yes, touching with the intent to obtain sexual gratification, that clearly meets this standard. That's sufficient. It's not necessary. In fact, 288A can be, you can be convicted of Section 288A if you do not yourself touch the child, as this Court noted in Basa-Martinez. And that still falls within the scope of sexual conduct. And this Court has emphasized that the focus is not on the subjective intent of the individual perpetrating the crime. It is on the harm to the child. In fact, this Court has looked at a case, in fact, in Basa-Martinez, this Court rejected as overbroad a statute that criminalized, where the focus of the statute was the subjective intent and not on the harm to the child. Even the definitions of sexual act or sexual contact under the really restrictive definitions in 18 U.S.C. 2246 do not contain the intent requirement of intent to obtain sexual gratification solely. You have in there also harassment, indignity, things of that nature. It is much broader. To constrict this definition, this Court's definition, as much as Petitioner asked this Court to do, does not comport with other circuit courts that have looked at this. It does not comport with the Board's interpretation of what constitutes sexual abuse of a minor. In fact, to do so would omit from within the ambit of this Court's definition the father who offers up his child for sexual contact with another individual to obtain money. It would omit from this Court's definition an individual who is forcing a child to engage in sexual contact with somebody else as punishment to the parent. No intent to obtain sexual gratification. That simply cannot be the standard, Your Honor. Now, again, the statute here, subsection A2, falls within the definition of sexual abuse of a minor as employed by this Court. We know that facially it prohibits sexual contact, which the Alaska statute has defined specifically and has specifically limited to actions of a sexual nature. So it excludes things like caregiver responsibilities, parent and child normal everyday activities. Now, it appears that the statute might require contact, encouraging contact. It doesn't really matter because the act of encouraging sexual contact with younger children falls within the scope of what constitutes sexual conduct. And we know from Moore, from the Alaska Court decision in Moore, that when they look at the word encourage in terms of their sexual exploitation, sexual abuse statutes, they do it limitedly, so that it's not as broad. As Petitioner said, that is a broad term, but we know that the Alaska courts look at it narrowly, so that it's very much like inducing, enticing, or causing, or aiding. So we're not talking about the 13-year-old boy who goes to his 17-year-old brother and asks if he should have sex with his girlfriend. That 17-year-old brother is not going to be prosecuted under this statute. And we know from Moncrief that although we focus on the minimum conduct that is criminalized by the State statute, that's not an invitation for legal imagination. We have to look at whether there's a reasonable probability, not a hypothetical possibility, that the State statute is going to be applied to conduct that falls outside the scope of the generic Federal definition. And frankly, the presumptive sentencing range here for a conviction under A2 for a first-time felon is 5 to 15 years. So we're not talking about innocent encouraging. We're not talking about innocent activity. And as discussed, encouraging sexual contact between a young child and another individual falls within the broader understanding of what sexual conduct is that is employed by the Board, by other circuits, and has not been rejected by this Court. To quickly sum up, we know that we're dealing with a minor here because the statute applies to somebody who's under 13. We know that it's per se abusive because it's under 14. And again, there is no intent to obtain sexual gratification requirement for the per se abusive standard. This Court has rejected that. And the only operative question here is whether or not the term encouraging sexual contact with another person falls within the scope of what is commonly understood as sexual conduct. And we think it is. We do not think that the common meaning of sexual conduct is so restrictive as to exclude that activity. If there are no other questions, Your Honor. This is another question. Now, the ambiguity which exists could have been avoided by the State pleading or alleging the subsection, which is far more serious, 2, more serious than 4. They did not allege the subsection. Then they didn't allege the statute in its terms, that it has to be conduct with another person, which is far more serious, again, than masturbation or the other forms of sexual conduct in 4. Now, those are two significant omissions that create an ambiguity. Do you agree with that? I don't believe it creates an ambiguity, Your Honor, because it cannot be anything else under this statute, because it is specifically to the ages. Your answer is because they say it's under the age of 13, it can't be anything else. Because it's under the age of 13. Because it used a term of our sexual contact and the word encouraging, that makes it fall within A2. It cannot be within A4. They would have charged under the age of 16 as opposed to under the age of 13 if it was going to fall within A4. It tracks the language of A2. Does the conduct in A4 encompass the definition of the conduct encompassed by sexual contact? Some of it, Your Honor. But again, as Petitioner noted, it's broader. When you talk about masturbation, that would not fall within. In A4? Yes. A4 also applies to other sexual contact or conduct. Right. Such as sexual penetration, lewd touching of another's genitals, bestiality, lewd exhibition of a child's genitals. It covers the whole scope of conduct, which could be sexual conduct, sexual contact, whatever you call it. Well, it's sexual conduct, but that's within that subsection. Sexual contact is its own term of art. That's covered by A4, but not A2. The things that Judge Reinhart was reading from Section 455 is what's referred to in A4, but it's not what is referred to in A2. Right. There are things within A4 that do not fall within A2. That's correct. And there are things that do fall within. There are things that do. But, again, they use a specific term of art, sexual contact. The ages don't match up in A4. Well, but, you know, even when they – in the definition of sexual contact, they talk about the defendant knowingly touching. And then in – but in 455A2, it talks about the lewd touching of another  I guess that's broad enough to encompass. But it does not specifically match up, which the language of the information charging the indictment really does. Sexual penetration, I would assume, would be the same as both. Well, sexual penetration would fall under A1, I believe. A1. Yeah. Well, it also falls under 4. Yes. And probably fall under A2 as well, just a little less serious. Yes. Okay. Thank you. Thank you very much. Your Honor, I'd like to just focus on three quick points. First of all, opposing counsel keeps referring to the term of art, sexual contact, and that requiring with another person. And, therefore, A2 must have been with – that must have been what was charged, even though they left off the critical words with another person. But note that sexual contact, that term of art, includes causing the victim to touch the victim's own body parts, which is akin to masturbation. It does not require with another person. A2 adds to the term of art, sexual contact, by adding the requirement of with another person. And because that was left off, we have a real ambiguity here between A2 and A4. And any ambiguity must be construed in favor of the defendant. But is it – is it your understanding that another person also encompasses the defendant? Certainly. Another person, because it's simply the victim and another person, that could be the defendant, that could be another person. So it does fall within that. A4, on the other hand, does allow masturbation. I would say that A2, if you look at how sexual contact is fined, also would allow masturbation. The second point, Judge Graber, you mentioned that – Are you saying that to encourage or cause a child under the age of 13 to engage in masturbation is not sexual abuse of that child? Not under this Court's precedence, particularly when there is no actual contact that has occurred. One other thing that I would quickly say, though, is you had mentioned that A4 is really about unlawful sexual exploitation. But in fact, it's 41.455 that is about sexual exploitation. And it lists – Which is what is incorporated by reference in A4. No. The activities are incorporated by reference. So it borrows the activities. So all that's happening in A4 is saying encouraging these certain activities, not necessarily exploitation. So in that sense, there is incredible overlap between A2 and A4. There's a real ambiguity. And so without being able to tell what was charged here, there's no way to actually conclude that the modified categorical approach would apply to render my client removable as an aggravated felon for violating the sexual abuse of a minor, a generic Federal crime. So I think that ambiguity is key to realizing why the petition needs to be granted and why the BIA should be ordered to vacate the removal order here. I gather there's no disagreement that if the conviction were for A4, he would not be removable. I do not disagree. I do not believe he would be removable under A4. And he is removable under A2. I don't think he's removable under either, quite frankly. As I said, under A2, when you're dealing with purely encouragement of the government's position, and if the government disagrees, I guess it's really properly addressed. Yeah. The government never addressed A4 at all. They just said it's got to be A2, and A2 falls categorically within sexual abuse of a minor. I disagree with that, but they don't even address A4. And I think under A4 or A2, we don't have an offense that falls categorically within the generic Federal crime. That's your secondary argument. That is. Yes. All right. Thank you very much. The case just argued will be submitted. The Court will stand in recess for today. Thank you.
judges: Reinhardt, Graber, Paez